### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Troy D. Manuel, | ) | NO. 10-91992 |
| | ) | |
| Debtor. | ) | Chapter 13 |

## SECOND AMENDED CHAPTER 13 PLAN

1. The future income of the Debtor is submitted to the supervision and control of the Chapter 13 Trustee.  The Debtor shall pay to the Trustee the sum of $200 per month for 6 months ($1,200), then $415 for 28 months ($11,620) then $776 per month for 10 months ($7,760), then $2,344 per month for 16 months ($37,504).

The Plan will total 60 months and $58,084.

The Debtor is allowed to keep up to $1,500 of any federal and state income tax refunds received by him during the term of the Plan, and also any federal and income tax refund constituting earned income credit.

The Debtor is required to provide the trustee with copies of both the federal and state income tax returns, including all schedules filed, within 15 days of filing and in no case later than April 30th of each year of the Plan.

The refunds will be added to the base amount in order to increase the percentage of payback to unsecured creditors.

From the payment so received the Trustee shall make disbursements as follows:

## PRIORITY CLAIMS:

The following claims are entitled to priority under 11 U.S.C. in the following amounts:

    A.    The Trustee's fees and expenses as determined by the Attorney General pursuant to 28 U.S.C. 586(e).

    B.    The Trustee shall pay all court costs billed to the Trustee by the Clerk of the Court.

    C.    Debtor's attorney, Andrew D. Bourey, shall be paid the sum of $ 1,000  for legal services.

D. The Debtor owes the IRS the approximate amount of $37,933.51 for the 2007 - 2009 federal income taxes. The IRS will be paid $32,933.51 for their unsecured priority claim ($5,000 of this claim is secured. The $5,000 will be paid through the plan.). (The IRS will also receive the proceeds of the sale of the 2006 Yamaha to satisfy the remaining secured portion of the IRS claim.) The Trustee will pay the IRS through the Chapter 13 Plan.

E. The Debtor owes the IDOR the approximate amount of $4,071.71 for the 2007 - 2009 state income taxes. The Trustee will pay the IRS through the Chapter 13 Plan.

F. The Debtor owes child support arrearage to Mary Jo Roop in the approximate amount of $5,490.35. The Trustee will pay the arrearage through the Chapter 13 Plan.

## **SECURED DEBTS**

Busey Bank has a security interest in various assets of the Debtor. The Debtor will pay the Busey Bank outside the Chapter 13 Plan, and pursuant to his prior agreement with the bank.

Busey Bank has a security interest in a 1996 Chevrolet Truck. The Debtor is behind on his payments on the vehicle. The arrearage of approximately $934.46 at 7.5% for a total of $1,123.55 will be paid inside the Chapter 13 Plan. The Debtor will resume his regular payments and pay the remainder of this loan outside the Chapter 13 Plan, and pursuant to his prior agreement with the bank.

Busey Bank has a security interest in a semi. The Debtor is behind on his payments on the semi. The arrearage of approximately $2,110.61 at 7.75% for a total of $2,552.69 will be paid inside the Chapter 13 Plan. The Debtor will resume his regular payments and pay the remainder of this loan outside the Chapter 13 Plan, and pursuant to an agreement with the bank.

CNAC – JD Byrider has a security interest in a 2000 Chrysler LHS. The Debtor is current on his payments. The Debtor will continue to make his regular payments outside the Chapter 13 Plan, and pursuant to his prior agreement with Car Now.

Car Now has a security interest in a 2003 Chevrolet Tahoe. The Debtor is current on his

payments. The Debtor will continue to make his regular payments outside the Chapter 13 Plan, and pursuant to his prior agreement with CNAC – JD Byrider.

The value of assets as set forth in the Plan are final determinations and any values used for such property on any secured claim filed shall be the same as set forth in the Plan. If a value stated in any claim filed is not the same as those values stated in the Plan, the value stated in the claim filed shall be ignored and the value as set forth in the Plan shall be automatically substituted therefor. Only those creditors specifically mentioned in the plan as being secured will be treated as secured creditors regardless of any assertion of a security interest in any claim filed in this case.

**CONTRACTS/LEASES**:

The Debtor has a rent-to-own agreement with Aaron's for a television. The Debtor assumes the agreement. He will continue to pay Aaron's outside the bankruptcy, and pursuant to his prior agreement with Aaron's.

**UNSECURED CLAIMS**

From the payments received by the Trustee, after payment of priority claims and secured claims, the Trustee should have available approximately $103.79 which will be paid pro-rata to unsecured claims.

2. The Trustee shall make no payment in a denomination less than $15.00 and is authorized to accumulate funds for creditors in order not to make any payments less than $15.00.

3. The effective date of this plan will be the date of the Order Confirming Plan.

4. Property of the estate will vest in the Debtor at the time of confirmation of the plan, unless otherwise stated in the Order confirming the plan.

5. The Debtor and/or Trustee may make objections to any claim within thirty (30) days after confirmation or such other time as the rules provide whichever is later.

/s/ Troy D. Manuel          May 28, 2011
Troy D. Manuel, Debtor              Date

Attorney for Debtor:
Andrew D. Bourey 185050
Bourey Law Offices
101 S. Main, Suite 501
Decatur, IL 62523
217-422-2400